IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERASMO F. SALAZAR, TDCJ #1412124, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-2923 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Erasmo F. Salazar ("Salazar") filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging his state murder conviction and thirty-year sentence. Pending before the court is Respondent William Stephens's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 15), which argues that Salazar's petition is time barred. Although the motion was filed on January 30, 2015, Salazar has not responded to it.[1] For the reasons stated below, the court will grant Stephens' MSJ and will dismiss Salazar's Petition.

---

[1] Salazar filed a Motion to File a Discovery Action on February 26, 2015, Docket Entry No. 16. Although the motion acknowledged Respondent's MSJ, it does not raise new arguments or identify material facts relevant to the summary judgment motion before the court.

I.  **Background and Facts**

On December 11, 2006, in the 338th District Court of Harris County, Texas, a jury found Salazar guilty of murder. On December 12, 2006, Salazar was sentenced to thirty years in prison. A Notice of Appeal was filed on December 12, 2006,[2] and Salazar, with new legal counsel, appealed his conviction to the Thirteenth Court of Appeals of Texas.[3] In that proceeding, Salazar filed a pro se brief arguing that his trial counsel, Carlos Correa, was ineffective because he "presented a false witness and manufactured evidence by procuring the services of Laura Romero to present perjured testimony without [Salazar's] knowledge at the time of trial."[4] In affirming Salazar's conviction on November 20, 2008, the Thirteenth Court of Appeals rejected Salazar's ineffective assistance of counsel claim, explaining that Salazar failed to present evidence that Correa committed perjury because Correa had only been charged with, not convicted of, committing aggravated perjury at Salazar's trial.[5] On February 8, 2010, Correa was

---

[2] Notice of Appeal, Cause No. 403022, Docket Entry No. 12-8, p. 75.

[3] Salazar v. State, 13-07-101-CR (Tex. App.—Corpus Christi Nov. 20, 2008), State Court Records, Docket Entry No. 12-5, pp. 1-2.

[4] Appellant's Pro Se Motion for Leave to Supplement Brief ("Motion to Supplement"), Docket Entry No. 12-6, p. 6; see also Salazar v. State, 13-07-101-CR (Tex. App.—Corpus Christi Nov. 20, 2008), State Court Records, Docket Entry No. 12-5, p. 10.

[5] Salazar v. State, 13-07-101-CR (Tex. App.—Corpus Christi Nov. 20, 2008), State Court Records, Docket Entry No. 12-5,
(continued...)

convicted of aggravated perjury in the 263rd District Court in Harris County, Texas.[6]

On April 6, 2009, Salazar filed a pro se petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals.[7] On April 29, 2009, that court struck Salazar's PDR for non-compliance with Texas Rule of Appellate Procedure 9.3(b),[8] granting Salazar thirty days, until May 29, 2009, to redraw and properly file a PDR.[9] He did not do so.[10]

Salazar did not petition for a writ of certiorari with the United States Supreme Court.[11] On January 3, 2010, Salazar signed his first state habeas application.[12] Salazar signed a second

---

[5](...continued)
pp. 13-14. Correa was later convicted on February 8, 2010, in the 263rd District Court in Harris County, Texas. Petition, Docket Entry No. 1, pp. 18-20.

[6]Petition, Docket Entry No. 1, pp. 18-20.

[7]Petition for Discretionary Review ("PDR"), Docket Entry No. 12-3, p. 1.

[8]Rule 9.3(b) states that "[i]f a document is not electronically filed, a party must file the original and 11 copies of any document addressed to . . . the Court of Criminal Appeals . . . ." Tex. R. App. P. 9.3(b)(1).

[9]Salazar v. State, No. PD-1716-08 (Tex. Crim. App. April 29, 2009), State Court Records, Docket Entry No. 12-1.

[10]Exhibit B to Respondent's MSJ, Docket Entry No. 15-2, p. 2; see also Final Ruling, No. PD-1716-08, State Court Records, Docket Entry No. 12-2, p.1.

[11]Petition, Docket Entry No. 1, p. 3.

[12]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("1/3/10 Habeas Corpus Application"), State
(continued...)

application on December 24, 2010.[13] On December 18, 2013, the Texas Court of Criminal Appeals dismissed both state habeas applications without a written order, citing non-compliance with Texas Rule of Appellate Procedure 73.1, which requires that facts be set out on the prescribed form.[14]  See Tex R. App. P. 73(c)-(d); 70 Tex. B.J. 348, 352 (2007). With the assistance of counsel Salazar submitted a third state habeas application on January 6, 2014.[15] The Texas Court of Criminal Appeals denied the application without a written order on April 16, 2014, based on the trial court's findings of facts and conclusions of law from Salazar's first state habeas proceeding,[16] which were entered on November 1, 2013.[17]

---

(...continued)
Habeas Record WR-79,921-03, Docket Entry No. 13-14, p. 35. The date on the Inmate's Declaration is obscure, but a January 3 reading is reasonable and not unfavorable to Salazar. The application was filed by the court on January 11, 2010. Id. at 8.

[13]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("12/24/10 Habeas Corpus Application"), State Habeas Record WR-79,921-02, Docket Entry No. 13-5, p. 17.

[14]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,921-03, Docket Entry No. 13-14, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,921-02, Docket Entry No. 13-5, p. 2.

[15]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("1/6/14 Habeas Corpus Application"), State Habeas Record WR-79,921-04, Docket Entry No. 13-19, p. 24. Salazar's attorney signed the application on January 6, 2014. Id.

[16]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,921-04, Docket Entry No. 13-18.

[17]State's Proposed Findings of Fact, Conclusions of Law and Order, State Habeas Record WR-79,921-04, Docket Entry No. 13-19, pp. 61-62; Findings of Fact, Conclusions of Law and Order, State Habeas Record WR-79,921-03, Docket Entry No. 13-16, pp. 62-81.

Throughout his attempts to obtain state habeas relief Salazar frequently contacted the state courts, requesting updates and expedient resolution of his applications and providing updated address information.[18] Salazar also submitted a motion for an evidentiary hearing and to personally appear and a motion for the appointment of counsel with the state court on January 22, 2010.[19] Salazar filed an application for writ of mandamus on July 29, 2011,[20] which the Texas Court of Criminal Appeals denied on December 18, 2013.[21]

On August 14, 2014, more than sixty-two months after his time for seeking discretionary review expired, Salazar signed his

---

[18] See, e.g., Applicant's Letter to Court Coordinator, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, p. 19 (April 6, 2010) (status request); Applicant's Letter to the Court and Motion to Proceed, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, pp. 49-52 (April 28, 2011); Applicant's Letter to Harris County District Clerk, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 7 (Jan. 26, 2012) (status request); Applicant's Letter to Harris County District Clerk, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 8 (June 4, 2012) (address update); Applicant's Letter to Harris County District Clerk, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 9 (Dec. 28, 2012) (status request); Applicant's Letter to 338th District Court, State Habeas Record WR-79,921-03, Docket Entry No. 13-16, p. 31 (Oct. 20, 2013).

[19] Applicant's Letter to Harris County District Clerk's Office; Motion for Habeas Corpus Hearing Evidentiary and to Personally Appear; and Motion for Appointment of Counsel at Habeas Corpus Hearing, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, pp. 9-18.

[20] Plaintiff's Original Application for Writ of Mandamus, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 5.

[21] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,921-01, Docket Entry No. 13-3, p. 2.

federal Petition.[22]  Salazar asserts four claims in support of his Petition:  (1) his trial counsel was ineffective for knowingly presenting perjured testimony through a defense witness at trial; (2) the jury did not find him guilty on a lesser included charge because of judicial misconduct—admission of the perjured witness's hearsay testimony; (3) the evidence was insufficient to support his murder conviction; and (4) the habeas courts failed to consider evidence material to his claims.[23]  Respondent argues that Salazar's habeas petition should be dismissed as time barred under 28 U.S.C. § 2244(d)(1).[24]

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all cases filed after April 24, 1996.  28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).  The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1):

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[22]Petition, Docket Entry No. 1, p. 10.

[23]Id. at 6-7.

[24]Respondent's MSJ, Docket Entry No. 15, pp. 11-12.

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section (d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending. Id. § 2244(d)(2).

### A. Commencement of the Limitations Period

Respondent argues that the limitations period for Salazar's federal habeas petition began when his conviction became final on May 29, 2009, and expired on May 31, 2010, and therefore that Salazar's federal petition, which was filed more than four years later, is time barred.[25] Respondent argues that § 2244(d)(1)(A) is the proper commencement provision because the provisions in subsections (B), (C), and (D) do not apply.[26]

Section 2244(d)(1)(B) applies where state action has impeded the petitioner's ability to file an application for habeas relief.

---

[25] Id. at 11-12.

[26] Id. at 12-13.

28 U.S.C. § 2244(d)(1)(B). The record does not suggest that any unconstitutional state action created an impediment to Salazar's filing a federal habeas petition. The court therefore concludes that § 2244(d)(1)(B) does not apply. Section 2244(d)(1)(C) applies where the petitioner's claim is based on a constitutional right newly recognized by the Supreme Court or a right that the Supreme Court has made retroactively applicable to cases on collateral review. Id. § 2244(d)(1)(C). Because Salazar has not alleged that any such right has been violated, the court concludes that § 2244(d)(1)(C) does not apply. Section 2244(d)(1)(D) applies only where the factual predicate of the petitioner's claim could not have been discovered through the exercise of due diligence until the judgment became final. Id. § 2244(d)(1)(D). Because all of the facts supporting Salazar's claims were available to him prior to May 29, 2009, the court concludes that § 2244(d)(1)(D) does not apply. The commencement of the limitations period is therefore controlled by § 2244(d)(1)(A).

Under § 2244(d)(1)(A) the one-year limitations period commences on the date the conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). When a state prisoner does not seek review by the state's highest court following direct appeal, the judgment becomes "final," commencing § 2244(d)(1)'s limitations period, when the time to seek such review expires. Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012).

Although Salazar filed a PDR with the Court of Criminal Appeals, the court struck his PDR for non-compliance with Texas Rule of Appellate Procedure 9.3(b) on April 29, 2009, granting Salazar thirty days to redraw his petition, which he failed to do.[27] Accordingly, the time to seek review by the state's highest court expired and Salazar's conviction became final on May 29, 2009. Therefore, without accounting for statutory or equitable tolling, Salazar had until June 1, 2010, to file his federal petition.[28] See Fed. R. Civ. P. 6(a) (extending the time for filing to the first day that is not a Saturday, Sunday, or legal holiday); Stoot v. Cain, 570 F.3d 669, 670 n.1 (5th Cir. 2009) (applying Rule 6(a) to an AEDPA action); see also Gonzalez, 132 S. Ct. at 656; Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that the AEDPA's limitations period began to run when the period for filing a PDR ended).

## B. Statutory Tolling

Under the AEDPA the limitations period for federal habeas corpus is tolled while a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). The Supreme

---

[27] Salazar v. State, No. PD-1716-08 (Tex. Crim. App. April 29, 2009), State Court Records, Docket Entry No. 12-1, p. 1; Exhibit A to Respondent's MSJ, Docket Entry No. 15, p. 2; Exhibit B to Respondent's MSJ, Docket Entry No. 15, p. 2; see also Final Ruling, No. PD-1716-08, State Court Records, Docket Entry No. 12-2, p. 1.

[28] Because the Memorial Day holiday fell on Monday, May 31, 2010, Salazar's filing deadline was extended to Tuesday, June 1, 2010. See Fed. R. Civ. P. 6(a).

Court has held that an application is "properly filed" when it complies with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. State law governs whether an application for state habeas is "properly filed." Id.

Salazar signed his first state habeas application on January 3, 2010, within the one-year limitations period.[29] The Texas Court of Criminal Appeals dismissed the application on December 18, 2013, citing non-compliance with Texas Rule of Appellate Procedure 73.1, which requires that a post-conviction application for writ of habeas corpus conform to that court's filing requirements.[30] Texas Rule of Appellate Procedure 73.2 grants the Court of Criminal Appeals authority to dismiss an application that does not comply with Rule 73.1. See, e.g., Ex parte Blacklock, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006). The Fifth Circuit has consistently applied Artuz to dismissals under Rule 73.1. See, e.g., Wickware v. Thaler, 404 F. App'x 856, 857-58 & n.2, 859-60 (5th Cir. 2010) (per curiam) (state habeas application was not properly filed under Rule 73.1 where the Texas

---

[29]1/3/10 Habeas Corpus Application, State Habeas Record WR-79,921-03, Docket Entry No. 13-14, p. 35.

[30]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,921-03, Docket Entry No. 13-14, p. 2.

Court of Criminal Appeals found that petitioner failed to set out the asserted errors and relevant facts on application form as required); see also Broussard v. Thaler, 414 F. App'x 686 (5th Cir. 2011) (deferring to Texas Court of Criminal Appeals' determination that state habeas application was not properly filed under Rule 73.1, requiring legibility). Because the Texas Court of Criminal Appeals dismissed Salazar's first state application for non-compliance with Rule 73.1, it was not "properly filed" under § 2244(d)(2) and afforded Salazar no tolling effect.

Salazar filed second and third state habeas applications on December 24, 2010,[31] and January 6, 2014,[32] respectively. Because Salazar filed these applications after the limitations period expired, they have no tolling effect under § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the expiration of the limitations period precludes tolling).

C.  **Equitable Tolling**

The AEDPA's one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that the AEDPA's limitations period may be equitably

---

[31]12/24/10 Habeas Corpus Application, State Habeas Record WR-79,921-02, Docket Entry No. 13-5, p. 17.

[32]1/6/14 Habeas Corpus Application, State Habeas Record WR-79,921-04, Docket Entry No. 13-19, p. 24.

tolled only if the petitioner (1) diligently pursued his or her claim and (2) demonstrates that extraordinary circumstances beyond the petitioner's control caused the petition's late filing. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); see also Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013). The petitioner bears the burden of establishing grounds warranting equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

Respondent argues that equitable tolling does not apply because Salazar has failed to show diligence and rare and exceptional circumstances warranting equitable tolling since he knew of and raised the same claims brought here when he filed a pro se brief on appeal in March of 2008.[33] Salazar has not responded to Respondent's MSJ, and thus has not argued that equitable tolling applies. Moreover, Salazar did not answer question twenty-six on his federal petition, which required him to explain why the AEDPA's limitations period does not bar his petition since more than one year passed between the date his conviction became final and the date he filed the federal petition.[34]

---

[33]Respondent's MSJ, Docket Entry No. 15, pp. 13-15 (citing Motion to Supplement, Docket Entry No. 12-6, p. 6).

[34]Petition, Docket Entry No. 1, p. 9.

1. <u>Diligent Pursuit of Claims</u>

Although Salazar took steps to advance his state habeas applications,[35] he also waited seven months after his conviction became final to sign his first state habeas application on January 3, 2010. Salazar submitted a third application on January 6, 2014, after the state dismissed his first two state habeas applications on December 18, 2013. However, after the Court of Criminal Appeals dismissed Salazar's third state habeas application on April 16, 2014, he waited an additional four months before filing his petition for federal habeas corpus on August 14, 2014. Salazar has not offered reasons for the seven- and four-month delays.

2. <u>Rare and Extraordinary Circumstances</u>

Even assuming that Salazar was reasonably diligent in pursuing his claims, he is not entitled to equitable tolling because there are no rare or extraordinary circumstances in this case. In <u>Larry v. Dretke</u>, 361 F.3d 890, 897 (5th Cir. 2004), the Fifth Circuit

---

[35]<u>See, e.g.</u>, Applicant's Letter to Court Coordinator, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, p. 19; Applicant's Letter to the Court and Motion to Proceed, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, p. 49; Applicant's Letter to Harris County District Clerk, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 7; Applicant's Letter to Harris County District Clerk, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 9; Applicant's Letter to 338th District Court, State Habeas Record WR-79,921-03, Docket Entry No. 13-16, p. 31; Applicant's Letter to Harris County District Clerk's Office, State Habeas Record WR-79,921-03, Docket Entry No. 13-15, pp. 9-18; Plaintiff's Original Application for Writ of Mandamus, State Habeas Record WR-79,921-02, Docket Entry No. 13-6, p. 5.

affirmed the district court's conclusion that equitable tolling did not apply where the state court held the prisoner's state habeas application well beyond the period outlined by state law and beyond the federal limitations period. The Fifth Circuit explained:

> Larry's own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights. If Larry had "properly filed" his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts.

Id. at 897. Although the deficiency in the prisoner's state habeas application in Larry v. Dretke differs from the deficiency in Salazar's first two state applications in that the prisoner in Larry filed his state habeas application before the judgment of conviction became final whereas Salazar failed to comply with the state's precise formatting requirements under Rule 73.1, the Fifth Circuit has repeatedly applied Artuz to dismissals under Rule 73.1. See, e.g., Wickware, 404 F. App'x at 858 n.2. The Fifth Circuit has also applied Larry v. Dretke in an analogous case. See Jones v. Stephens, 541 F. App'x 499, 503-05 (5th Cir. 2013) (affirming the district court's conclusion that the state court's failure to timely inform petitioner that his state habeas application was improperly filed under Texas Rule of Appellate Procedure 73.1 did not constitute an extraordinary circumstance warranting equitable tolling. If Salazar had filed his state application in accordance with Texas law, the federal limitations period would have been

tolled for the entire period his first application was pending before the state courts. See Larry, 361 F.3d at 897; Jones, 541 F. App'x at 505. Because Salazar has not met his burden of demonstrating that rare or extraordinary circumstances beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply in this action.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253 Salazar must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his Petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' *but also* that they 'would find it debatable whether the district court was correct in its procedural ruling.'" Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack, 529 U.S. at 484) (emphasis in original). A district court

may deny a COA, <u>sua sponte</u>, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that Salazar is not entitled to a COA under the applicable standards. <u>See</u> 28 U.S.C. § 2253(c).

## IV. <u>Conclusion and Order</u>

Because Salazar's Petition for a Writ of Habeas Corpus is barred by the statute of limitations, Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**, and Salazar's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED**. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 10th day of June, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE